UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pharaoh El-Forever Left-i Amen El, | Case No. 26-CV-00236 (PAM/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Paul Schnell; Guy Bosch; Michelle Smith; Wanchena; Connors Karel; Marisa Williams; Jones, Lieutenant; Dan Huff; Minnesota Department of Health Commissioner; N. Lewis, Safety Admin; Bolin, Warden; Jane Doe 1-3; John Doe 1-3; and Officials Public Hazard Bonds, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Pharaoh El-Forever Left-i Amen El asserts that he was exposed to unconstitutional conditions of confinement, namely, poor water quality, when he was incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-Stillwater").[1]  (Dkt. 1.)   Amen El says that the water at MCF-Stillwater contains unhealthy levels of certain chemicals and that his exposure to those chemicals caused him to lose his hair and experience skin problems.   *Id.*   Amen El did not pay the filing fee associated with this action.   Instead, he requests to proceed *in forma pauperis* ("IFP"). (Dkt. 2.)

---

[1]   Plaintiff is presently incarcerated at MCF-Rush City.

1

Because Amen El is a prisoner, *see* 28 U.S.C. § 1915(h), his IFP application is governed by 28 U.S.C. § 1915(b), which requires that prisoners seeking IFP status pay an initial partial filing fee upon initiating a civil action, *see Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). The initial partial filing fee owed by the prisoner-litigant is twenty percent of the greater of the average monthly deposits to the plaintiff's facility trust account or the average balance in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1).

Amen El asks the Court to require him to pay the filing fee in installments consistent with § 1915(b). *See* (Dkt. 2.) The problem with this request is that his IFP application shows that he has the resources to pay the full statutory filing fee. "The central question in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.,* No. 15-CV-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)), *R. & R. adopted*, 2015 WL 5778478 (D. Minn. Oct. 1, 2015), *aff'd* 8th Cir. 15-3621 (Feb. 18, 2016).

In this case, Amen El's IFP application shows that he has a *current* balance of $3,046.67 on his account. (Dkt. 2 at 6.) The average monthly deposits to his trust account in the preceding *six* months, moreover, was $818.46. (*Id.*) While the Court recognizes that Amen El is currently incarcerated and thus his income is limited, as a prisoner, his expenses are also limited. *See Markham v. Tolbert*, No. CV 22-0187

(SRN/BRT), 2022 WL 22884334, at *1 (D. Minn. Jan. 28, 2022) ("Markham, a prisoner, has little to no regular income, but a prison official has certified that Markham had $3,600 available to him from which to pay the filing fee for this matter just days before this action was filed.  This is substantially more than the usual IFP applicant, prisoner or non-prisoner, possesses in available funds.  Markham can reasonably be expected to pay the $402.00 filing fee for this action from those funds.") (internal citation omitted). Further, Amen El does not suggest that his financial circumstances may soon change. Indeed, Amen El specifically notes that he "can pay" the filing fee but "prefers" to pay in installments.  (Dkt. 2 at 4.)

Accordingly, based on the information provided by Amen El, the Court concludes that his financial resources cannot be described as negligible or merely nominal.  Thus, the Court cannot conclude that Amen El does not have the resources to pay the statutory filing fee of $405.00 and is truly indigent.  Amen El's IFP application is therefore denied.

Amen El is afforded an opportunity to pay the statutory filing fee of $405.00, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP prisoner litigant.  If Amen El elects to pay the full statutory filing fee of $405.00, the Court will review his Complaint and determine whether he has pleaded a viable claim for relief over which the Court has jurisdiction.  *See* 28 U.S.C. § 1915A(b).  If Amen El fails to pay the full amount of the filing fee within the time allowed, he will be deemed to have abandoned this action, and this action will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Pharaoh El-Forever Left-i Amen El's application to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2. Amen El must pay the full filing fee of $405 within 20 days after the date of this order, failing which it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: January 22, 2026

<u>s/ *Elizabeth Cowan Wright*</u>
ELIZABETH COWAN WRIGHT
United States Magistrate Judge